ABRAMSON & DENENBERG, P.C.
BY: JONATHAN R. ALTSCHULER, ESQUIRE
IDENTIFICATION NUMBER: 82975
1200 WALNUT STREET, SIXTH FLOOR
PHILADELPHIA, PA 19107          ATTORNEY FOR PLAINTIFF
(215) 546-1345

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE MOORE | : CIVIL ACTION |
| 3101 NEWPORTVILLE ROAD | : |
| BRISTOL, PA 19007 | : |
| | : |
| VS. | : |
| | : JURY TRIAL DEMANDED |
| COMMISSIONER PAUL J. EVANKO | : |
| PENNSYLVANIA STATE POLICE | : |
| 1800 ELMERTON AVENUE | : |
| HARRISBURG, PA 17110 | : |
| AND | : |
| STATE TROOPER ROBERT DODGE | : |
| PENNSYLVANIA STATE POLICE | : |
| MEDIA BARRICKS | : NO. 02-4555 |
| 1342 WEST BALTIMORE PIKE | : |
| MEDIA, PA 19063 | : |
| AND | : |
| DARBY TOWNSHIP | : |
| 21 BARTRAM AVENUE | : |
| GLENOLDEN, PA 19036 | : |
| AND | : |
| SERGEANT MCDEVITT | : |
| 21 BARTRAM AVENUE | : |
| GLENOLDEN, PA 19036 | : |
| AND | : |
| POLICE OFFICER SCOTT CHILDS | : |
| 21 BARTRAM AVENUE | : |
| GLENOLDEN, PA 19036 | : |

**COMPLAINT - CIVIL ACTION**

1. Plaintiff, Lawrence Moore, is a citizen of the Commonwealth of Pennsylvania

1

residing as captioned.

2. Defendant, Commissioner Paul J. Evanko, was at all material times, the Commissioner of the Pennsylvania State Police, the ultimate authority with the Pennsylvania State Police and an agent of the Pennsylvania State Police, who is charged with upholding the rules, regulations, directives and/or policies of the Pennsylvania State Police, as well as the laws and Constitution of the Commonwealth of Pennsylvania and the United States of America.

3. Defendant, State Trooper Robert Dodge was at all material times, an officer with the Pennsylvania State Police Department. Trooper Robert Dodge is being sued both individually and in his official capacity as an officer, agent, and/or employee of the Pennsylvania State Police.

4. Defendant, Darby Township, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

5. Defendant, Sergeant McDevitt, was at all material times a supervising officer with the Darby Township Police Department. Sergeant McDevitt is being sued both individually and in his official capacity as an officer, agent, and/or employee of the defendant, Darby Township.

6. Defendant, Police Officer Scott Childs, was at all material times an officer with the Darby Township Police Department. Police Officer Scott Childs is being sued both individually and in his official capacity as an officer, agent, and/or employee of the defendant, Darby Township.

7. Defendant, Commissioner Paul J. Evanko, was at all material times, the Commissioner of the Pennsylvania State Police, responsible for hiring, supervising, instructing, training, counseling, and disciplining of State Trooper Robert Dodge.

8. At all material times, defendant, State Trooper Robert Dodge, acted within the

course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the Pennsylvania State Police.

9. At all material times, defendant, Sergeant McDevitt, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the Darby Township Police Department, and the defendant, Darby Township.

10. At all material times, defendant, Police Officer Scott Childs, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the Darby Township Police Department, and the defendant, Darby Township.

11. At all material times, defendant, Darby Township, was charged with the responsibility of testing, hiring, training and supervising members of the Darby Township Police Department including in particular, the defendants, Sergeant McDevitt and Police Officer Scott Childs.

12. The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. §§ 1331 and 1343 and jurisdiction over the State Law Claims, pursuant to the principals of pendant and ancillary jurisdiction.

13. Venue is proper under 28 U.S.C. § 1391(b) because the cause of action upon which the complaint is based arose in Darby, Pennsylvania, which is in the Eastern District of Pennsylvania.

14. On or about July 9, 2000 at approximately 5:40 a.m., plaintiff, Lawrence Moore reported a fire at an abandoned row house in the 1200 block of Calcon Drive in Darby Pennsylvania.

15. Plaintiff, Lawrence Moore, was among the first firefighters on the scene of the fire.

16. Plaintiff, Lawrence Moore, was a volunteer firefighter with fifteen years tenure with Darby Township, and assisted with fighting the fire that he had called in.

17. Defendants, State Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, interviewed plaintiff, Lawrence Moore.

18. During that interview, plaintiff, Lawrence Moore, gave defendants State Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs the names of two alibi witnesses.

19. Without investigation, defendants, Sergeant McDevitt and Police Officer Scott Childs, falsely and incorrectly attested that plaintiff's alibi witnesses was incarcerated.

20. Defendant, State Trooper Robert Dodge, obtained an arrest warrant based on this false and incorrect information.

21. Plaintiff, Lawrence Moore, was charged with arson, risking a catastrophe, and tampering with evidence.  The charges of arson and risking a catastrophe were withdrawn at the Preliminary Hearing and the charge of tampering was subsequently nolle prossed.

22. Plaintiff, Lawrence Moore, was incarcerated for approximately one month.

23. As a direct and proximate result of the aforementioned actions of the defendants, plaintiff, Lawrence Moore, has suffered injuries and incurred expenses to his great detriment and loss.

24. As a direct and proximate result of the aforementioned actions of the defendants, plaintiff, Lawrence Moore has been obliged to and may continue to expend various sums of money and to incur various expenditures for an indefinite period of time in the future, to his great detriment and loss.

25. As a direct and proximate result of the aforementioned acts and conduct of the defendants, the plaintiff sustained injuries including, but not limited to:  severe emotional distress, loss of freedom and loss of reputation.

26. As a direct and proximate result of the aforementioned actions of the defendants, plaintiff, Lawrence Moore, suffered disability, mental anguish and emotional distress and will continue to suffer same for an indefinite time in the future to his great detriment and loss.

27. As a direct and proximate result of the aforementioned actions of the defendants, plaintiff, Lawrence Moore, has and will hereinafter incur other financial expenses and losses.

**COUNT I - 42 U.S.C. § 1983**
**FALSE ARREST, FALSE IMPRISONMENT AND MALICIOUS PROSECUTION**
**LAWRENCE MOORE V. STATE TROOPER ROBERT DODGE, SERGEANT MCDEVITT AND POLICE OFFICER SCOTT CHILDS**

29. Paragraphs 1 through 28 are incorporated herein by reference, as though each were fully set forth herein at length.

30. As aforesaid, defendants, Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of Darby Township and Pennsylvania State Police, deprived plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States, in particular, the right to be free from false arrest, false imprisonment and malicious prosecution, all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

31. As aforesaid, defendants, Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, acting within the scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the defendant, the Darby Township, and the Pennsylvania State Police, intentionally and maliciously humiliated, threatened, and accused plaintiff, Lawrence Moore, and used their position of authority, illegally and improperly, by the above described actions, all of which violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

32. As aforesaid, defendants, Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, acting within the scope of their employment, under the color of state law, and pursuant to

the customs, policies and practices of the defendant, the Darby Township, and the Pennsylvania State Police, intentionally caused the false arrest and false imprisonment of the plaintiffs, without probable cause, without privilege and against the plaintiff's will, and caused the plaintiff to be subjected to criminal proceedings, by the above described actions, all of which violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. §1983.

33. The above-mentioned criminal proceedings were terminated in favor of plaintiff, Lawrence Moore.

34. As a direct and proximate result of the malicious, intentional, and/or reckless actions of the defendants, Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, the plaintiff, Lawrence Moore, suffered injuries that are described above.

35. The above-described actions of the defendants, Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, plaintiff, Lawrence Moore, demands compensatory and punitive damages against defendants, Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

**COUNT II - 42 U.S.C. § 1983**

**CONSPIRACY**
**LAWRENCE MOORE VS. COMMISSIONER PAUL J. EVANKO, STATE TROOPER ROBERT DODGE, DARBY TOWNSHIP, SERGEANT MCDEVITT AND POLICE OFFICER SCOTT CHILDS**

36. Paragraphs 1 through 34 are incorporated herein by reference, as though each were fully set forth herein at length.

37. As detailed above, defendants entered into a conspiracy to harm the plaintiff, Lawrence Moore, and deny the plaintiff of his constitutional rights and privileges under the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, and the laws of the United States and of the Commonwealth of Pennsylvania.

38. As detailed above, defendants performed overt acts in furtherance of the conspiracy.

39. As detailed above, the conspiracy directly and proximately resulted in harm to the plaintiff, Lawrence Moore, including the deprivation of his rights and privileges under the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania and the Laws of the Commonwealth of Pennsylvania.

40. The plaintiff, Lawrence Moore, believes and therefore avers, that defendants, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the Darby Township, and the Pennsylvania State Police, provided intentional as well as unintentional support to the conspiracy to deprive plaintiff, Lawrence Moore, of his constitutional rights.

41. As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, the plaintiff, Lawrence Moore, suffered injuries, which are described above.

42. The above described actions of the defendants, Commissioner Paul Evanko, State

Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, were so malicious, intentional, and reckless and displayed such a reckless indifference to the plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, plaintiff, Lawrence Moore, demands compensatory and punitive damages against defendants, Commissioner Paul Evanko, State Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, jointly and/or severally and compensatory damages against defendants, Darby Township, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT III - 42 U.S.C. § 1983
### PRACTICE, CUSTOM, POLICY
### LAWRENCE MOORE VS. DARBY TOWNSHIP AND COMMISSIONER PAUL EVANKO

42. Paragraphs 1 through 41 are incorporated herein by reference, as though each were set forth herein at length.

43. The plaintiff, Lawrence Moore, believes and therefore avers that defendants, the Darby Township and Commissioner Evanko, have adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or the acquiescence of the use of false arrest, false imprisonment and malicious prosecution by its officers; and subjecting individuals to the same type of treatment to which plaintiff was subjected, which policy constitutes the use of false arrest, false imprisonment and malicious prosecution and violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. § 1983.

44. The plaintiff believes and therefore avers that the defendants, Darby Township and Commissioner Evanko, have adopted and maintained for many years, a recognized and accepted policy,

custom, and practice of systematically failing to properly train, supervise and discipline police officers, including the individual defendants, regarding criminal investigations and constitutional restraints on the police power to arrest and imprison, which policy violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. § 1983.

      45. The defendants, Darby Township and Commissioner Evanko, have been deliberately indifferent to the rights of citizens of the Darby Township and the State of Pennsylvania, to be free from false arrests, false imprisonment and malicious prosecution, which deliberate indifference violates the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. § 1983.

      46. The plaintiff believes and therefore avers, that at the time of his arrest, defendants, Darby Township and Commissioner Evanko, knew or should have known of the above described policy, custom and practice of the Darby Township Police Department and the Pennsylvania State Police, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice including but not limited to, inter alia:

      a. Failure to conduct adequate pre-arrest investigations and to restrain the use of false arrest, false imprisonment and malicious prosecution on citizens by Darby Township Police Officers and Pennsylvania State Troopers;

      b. Failure to properly train, test and/or select its Police Officers and Troopers;

      c. Failure to have clear, concise, and appropriate Police directives;

      d. Failure to properly supervise and/or control its Police officers and State Troopers;

      e. Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigation resulting in appropriate and documented corrective actions at all levels of the Department of Police;

     f. Failure to have in existence and/or maintain proper personnel training procedures necessary to prevent the type of conduct as aforesaid;

     g. Otherwise acting without due regard for the rights, safety and position of the plaintiffs herein, in accordance with the laws of the Commonwealth of Pennsylvania; and

     h. Otherwise violating the ordinances of the Darby Township; Directives of the Darby Township Police Department and the Pennsylvania State Police and the Statutes of the Commonwealth of Pennsylvania.

    47. The plaintiff believes and therefore avers that the defendants, Darby Township and Commissioner Evanko, have adopted and maintained for many years a recognized and accepted policy, custom and practice of failing to properly investigate matters in which officers and troopers falsely arrest, imprison and prosecute individuals, which allows for and results in an encouragement to officers within the Darby Township and the Pennsylvania State Police to continue doing the same, and creates policies, practices, and/or procedures allowing officers to proceed in this manner and creates an atmosphere for the allowance of such conduct by members of the Darby Township Department of Police and Pennsylvania State Police without fear of punishment.

    48. The plaintiff believes and therefore avers that the defendants, Darby Township and Commissioner Evanko, have adopted and maintained for many years a recognized and accepted policy, custom and practice of failing to properly train, supervise and/or discipline officers, including the named defendant officers, in such a way as to reduce or at least to restrain the members of the Darby Township Department of Police and The Pennsylvania State Police from falsely arresting, falsely imprisoning and maliciously prosecuting; failing to establish adequate remedial training and sensitivity programs and/or psychological counseling for officers identified as having problems with such conduct; failing to issue adequate directives and/or guidelines concerning prohibitions against the use of false arrest, false imprisonment and malicious prosecution; and failing to discipline those officers identified as having unreasonably used said conduct, which failures were the direct cause for the existence of the alleged custom and usage of said conduct, and specifically upon the plaintiff, Lawrence Moore, by the

defendant and thereby violated plaintiff's rights to protection from false arrest, false imprisonment and malicious prosecution under the Fourth Amendment.

49. The defendants, Darby Township and Commissioner Evanko, were aware of the aforesaid described policy, custom and practice for a substantial period of time and despite knowledge of the illegal policies and practices as described above by the supervisory and policy making officers and officials, failed to take steps to terminate said practices; have not disciplined or otherwise properly supervised defendant officers, who engaged in the said practices; have not effectively trained officers with regard to the proper constitutional and statutory limits in the exercise of their authority and instead sanctioned the policy and practices described to the deliberate indifference of the constitutional rights of the residence of the Darby Township and the Commonwealth of Pennsylvania.

50. By failing to take action to stop or limit the policy and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, defendants, the Darby Township and Commissioner Evanko, condoned, acquiesced in, participated in, and perpetrated the policy in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and was in violation of 42 U.S.C. § 1983.

51. The plaintiff believes and therefore avers that the defendants, Darby Township and Commissioner Evanko, have adopted and maintained for many years a recognized and accepted policy consisting of an inadequate system of review of claims of false arrest and false imprisonment, which system has failed to identify instances of the use of said behavior to discipline, more closely supervise or retrain officers who, in fact, falsely arrested and imprisoned.

52. Upon information and belief, the systematic deficiencies include, but are not limited to:

    a. The preparation of investigative reports assigned to vindicate the false arrest, false imprisonment and malicious prosecution, regardless of whether such actions were justified;

    b. The preparation of investigative reports, which rely solely on the word of Darby Township Police Officers and Pennsylvania State Troopers involved in the incidents and which systematically failed to credit the testimony and statement of non-officer witnesses;

    c. The preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved; and,

    d. Failing to review investigative reports by responsible superior officers for accuracy or completeness and accepting the conclusions which were unwarranted by the evidence or contradicted by such evidence.

    53. The foregoing acts, omissions, and systematic deficiencies are policies, practices and customs of defendants, Darby Township and Commissioner Evanko, and as such caused individual defendants to be unaware of the rules and laws governing the permissible use of arrest and imprisonment and that such conduct would not be honestly and properly investigated, all with the procedural result that officers are more likely to falsely arrest, falsely imprison and maliciously prosecute in situations where such conduct is neither necessary, reasonable, nor legal.

    **WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, plaintiff, Lawrence Moore, demands compensatory damages against defendants, the Darby Township and Commissioner Paul Evanko, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

### COUNT IV - MALICIOUS PROSECUTION
### LAWRENCE MOORE VS. STATE TROOPER ROBERT DODGE, SERGEANT MCDEVITT AND POLICE OFFICER SCOTT CHILDS

    54. Paragraphs 1 through 53 are incorporated herein by reference, as fully as though each were set forth herein at length.

    55. As described above, defendants, State Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, intentionally, maliciously and without probable cause, caused the plaintiff to be subjected to criminal proceedings.

56. The above-mentioned criminal proceedings were terminated in favor of plaintiff, Lawrence Moore.

57. As a direct and proximate result of the malicious and intentional actions of defendants, State Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, the plaintiff, Lawrence Moore, suffered injuries and damages which are described above.

58. The above-described actions violated Article 1, § 8 of the Pennsylvania Constitution.

59. The above-described actions of defendants were so malicious and intentional and displayed such a reckless indifference to the plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, Lawrence Moore, demands compensatory and punitive damages against the defendants, State Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, jointly and/or severally, for the common law tort of malicious prosecution, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus cost, interest, attorney's fees and delay damages.

## COUNT V
## FALSE ARREST AND FALSE IMPRISONMENT
## LAWRENCE MOORE VS. STATE TROOPER ROBERT DODGE, SERGEANT MCDEVITT AND POLICE OFFICER SCOTT CHILDS

59. Paragraphs 1 through 58 are incorporated herein by reference, as fully as though each were fully set forth herein at length.

60. Defendants, State Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, as aforesaid, intentionally caused the false arrest and false imprisonment of the plaintiffs, without probable cause, without privilege and against the plaintiff's will.

61. As a direct and proximate result of the malicious, intentional and/or reckless actions

of defendants, State Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, the plaintiff sustained injuries that are described above.

62. The above-entitled actions violated Article 1, § 8 of the Pennsylvania Constitution.

63. The above-described actions of defendants, State Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, were so malicious and intentional and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, Lawrence Moore, demands compensatory and punitive damages against defendants, State Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, jointly and/or severally for the common law tort of false arrest and false imprisonment, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars plus cost, interest, attorney's fees and delay damages.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## LAWRENCE MOORE VS. STATE TROOPER ROBERT DODGE, SERGEANT MCDEVITT AND POLICE OFFICER SCOTT CHILDS

63. Paragraphs 1 through 62 are incorporated herein by reference, as though each were fully set forth herein at length.

64. Plaintiff, Lawrence Moore, believes and therefore avers that the defendants, State Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, through their actions, as more fully set forth in the preceding paragraphs of this complaint, did inflict serious emotional distress upon plaintiff in an intentional and/or reckless manner.

65. The above-described malicious, intentional, and/or reckless acts and omissions of defendants, State Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, were

outrageous, atrocious, and completely intolerable in a civilized society and went beyond all possible bounds of decency.

66. The above-mentioned malicious, intentional, and/or reckless acts and omissions of defendants, State Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, caused and continue to cause the plaintiff severe emotional distress, anxiety, and fear.

67. As a direct and proximate result of the malicious, intentional and/or reckless actions of defendants, State Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, the plaintiff suffered injuries that are described above.

68. The above-described actions of defendants, State Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, were so malicious and intentional and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, Lawrence Moore, demands compensatory and punitive damages against defendants, State Trooper Robert Dodge, Sergeant McDevitt and Police Officer Scott Childs, jointly and/or severally, for the common law tort of intentional infliction of emotional distress, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus cost, interest, attorney's fees and delay damages.

**ABRAMSON & DENENBERG, P.C.**


BY:_____
   **JONATHAN R. ALTSCHULER, ESQUIRE**
   **ATTORNEY FOR PLAINTIFF**