| | |
|---|---|
| GERMAN, GALLAGHER & MURTAGH<br>BY: Bernard E. Jude Quinn<br>IDENTIFICATION NO. 46483<br>BY: Jonathan P. Riba<br>IDENTIFICATION NO. 88095<br>THE BELLEVUE, FIFTH FLOOR<br>200 S. BROAD STREET<br>PHILADELPHIA, PA 19102<br>(215) 545-7700 | Attorney for: Defendants,<br>Township of Darby, Sergeant McDevitt<br>Police Officer Childs |

| | | |
|---|---|---|
| LAWRENCE MOORE | : | UNITED STATES DISTRICT COURT |
| | : | FOR THE EASTERN DISTRICT OF |
| Plaintiff | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| COMMISSIONER PAUL J. | : | |
| EVANKO et al. | : | JURY TRIAL DEMANDED |
| | : | NO. 02-CV-4555 |
| Defendants | : | |

## ORDER

AND NOW, this       day of            , 2003, upon consideration of defendant's, Darby Township, Sergeant McDevitt, and Police Officer Scott Childs, Motion to Dismiss Plaintiff's Complaint for Failure to Comply with Judge Brody's June 3, 2003 Order, it is hereby ORDERED that said motion is GRANTED. Plaintiffs' complaint is dismissed with prejudice.

BY THE COURT:

_____
J.

| | |
|---|---|
| **GERMAN, GALLAGHER & MURTAGH**<br>BY:  Bernard E. Jude Quinn<br>IDENTIFICATION NO. 46483<br>BY:  Jonathan P. Riba<br>IDENTIFICATION NO. 88095<br>THE BELLEVUE, FIFTH FLOOR<br>200 S. BROAD STREET<br>PHILADELPHIA, PA 19102<br>(215) 545-7700 | **Attorney for: Defendants,**<br>Township of Darby, Sergeant McDevitt<br>Police Officer Childs |

| | | |
|---|---|---|
| **LAWRENCE MOORE** | : | **UNITED STATES DISTRICT COURT** |
| | : | **FOR THE EASTERN DISTRICT OF** |
| **Plaintiff** | : | **PENNSYLVANIA** |
| v. | : | |
| | : | |
| **COMMISSIONER PAUL J.** | : | |
| **EVANKO et al.** | : | **JURY TRIAL DEMANDED** |
| | : | **NO. 02-CV-4555** |
| **Defendants** | : | |
| | : | |
| | : | |
| | : | |

**DEFENDANT'S, DARBY TOWNSHIP, SERGEANT MCDEVITT AND POLICE OFFICER SCOTT CHILDS, MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH JUDGE BRODY'S JUNE 3, 2003, <u>ORDER</u>**

Defendant's, Darby Township, Sergeant McDevitt, and Police Officer Scott Childs, by and through their attorney, German, Gallagher & Murtagh, hereby submit this motion and in support thereof aver the following:

1. On July 9, 2002, plaintiff initiated this action by filing a complaint which alleged violations of his civil rights pursuant to Section 1983.

2. Pursuant to this court's scheduling order, all discovery was to be completed by June 13, 2003.

3. Defendant's properly scheduled plaintiff's deposition on February 4, 2003, February 12, 2003, and February 24, 2003.

4. Plaintiff's counsel either cancelled or was not able to produce the plaintiff on any of the above dates.

5. On May 7, 2003, defendant's counsel moved to compel plaintiff's deposition.

6. Pursuant to this Court's June 3, 2003 Order, Plaintiff was compelled to appear for a deposition at defendant's office within 10 days of the Court Order. See copy of Court Order attached as Exhibit "A".

7. On June 5, 2003, defendant's counsel sent via certified and regular mail a notice of deposition to plaintiff. A copy of defendant's letter and notice of deposition is attached hereto and marked as Exhibit "B".

8. Plaintiff's deposition was scheduled for June 13, 2003, at 10:00 a.m. in defendant's office.

9. Plaintiff did not appear for the properly scheduled deposition. A copy of the June 13, 2003, transcript indicating Plaintiff's failure to appear is attached hereto and marked as Exhibit "C".

10. Plaintiff never contacted defendant's via phone call or letter prior to the date of the his scheduled deposition.

11. As per Judge Brody's June 3, 2003, Order, in the event plaintiff failed to appear at his compelled deposition, sanctions and/or the dismissal of plaintiff's complaint with prejudice could be entered against plaintiff upon defendant's application to this Court. Exhibit "A".

12. Defendant's respectfully request this Court dismiss plaintiff's complaint for his failure to comply with the June 3, 2003, Court Order.

13. Defendant's are severally prejudiced by plaintiff's actions since the discovery deadline has expired.

WHEREFORE, defendant's, Darby Township, Sergeant McDevitt, and Police Officer Scott Childs, respectfully request this Court to dismiss plaintiff's complaint with prejudice.

GERMAN, GALLAGHER & MURTAGH

BY:_____
Bernard E. Jude Quinn, Esquire
Jonathan P. Riba, Esquire
Attorney for Defendant's Darby Township,
Sergeant McDevitt, and Police Officer Scott
Childs

| | |
|---|---|
| **GERMAN, GALLAGHER & MURTAGH**<br>BY:  Bernard E. Jude Quinn<br>IDENTIFICATION NO. 46483<br>BY:  Jonathan P. Riba<br>IDENTIFICATION NO. 88095<br>THE BELLEVUE, FIFTH FLOOR<br>200 S. BROAD STREET<br>PHILADELPHIA, PA 19102<br>(215) 545-7700 | Attorney for: Defendants,<br>Township of Darby, Sergeant McDevitt<br>Police Officer Childs |

| | | |
|---|---|---|
| **LAWRENCE MOORE** | : | **UNITED STATES DISTRICT COURT** |
| | : | **FOR THE EASTERN DISTRICT OF** |
| **Plaintiff** | : | **PENNSYLVANIA** |
| v. | : | |
| | : | |
| **COMMISSIONER PAUL J.** | : | |
| **EVANKO et al.** | : | **JURY TRIAL DEMANDED** |
| | : | **NO. 02-CV-4555** |
| **Defendants** | : | |
| | : | |
| | : | |
| | : | |

### DEFFENDANT'S, DARBY TOWNSHIP, SERGEANT MCDEVITT AND POLICE OFFICER SCOTT CHILDS, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY <u>WITH JUDGE BRODY'S JUNE 3, 2003, ORDER</u>

The Third Circuit Court of Appeals, in <u>Poulis v. State Farm Fire and Casualty Co</u>., 747 F.2d 863 (3d Cir. 1984), laid out the relevant factors for a district court to consider in whether to dismiss a complaint when a party fails to comply with a court order.  Specifically, the Court stated the following factors should be considered and balanced:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to the discovery; (3) a history of dilatoriness (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; (6) the meritoriousness of the claim or defense.  Poulis, 747 F.2d at 868.

A court clearly has the power to dismiss a case when a party does not comply with a discovery order. Fed.R.Civ.P. 37 (b)(2)(C); <u>Hicks v. Feeney</u>, et. al., 850 F.2d 152 (3d Cir. 1988). Courts may "punish" parties who fail to comply with discovery orders to deter future abuses. <u>National Hockey League v. Metropolitan Hockey Club, Inc</u>., 427 U.S. 639 (1976). Repeated willful failure of plaintiff to attend deposition warrants dismissal. <u>Kabbe v. Rotan Mosle, Inc</u>., 752 F.2d 1083 (5th Cir. 1985). The sanction must be specifically related to the prior discovery order. <u>Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694 (1992).

In <u>Hicks v. Fenney</u>, *supra,* the plaintiff failed to attend several properly noticed depositions because he did not want to discuss "private matters". Thereafter, the district court ordered the plaintiff to appear at a deposition and warned him that if he failed to appear for his deposition, it may result in the dismissal of the case. After not appearing for the court ordered deposition, the court dismissed plaintiff's complaint because the plaintiff was personally responsible for not appearing and his conduct was willful.

Here, like above, plaintiff's complaint should be dismissed for failure to comply with court orders. Examining the factors laid out in <u>Poulis</u>, *supra*, it is evident that dismissal of plaintiff's complaint is an appropriate sanction. First, the plaintiff was personally responsible for not appearing for his deposition. After plaintiff's counsel withdrew from the case, plaintiff proceeded pro se. The motion compelling plaintiff's deposition was only filed after plaintiff refused to appear for his deposition on three prior occasions.

Second, the defendant's are severally prejudiced by plaintiff's actions. The discovery deadline in this matter ended on June 13, 2003. The plaintiff needs to present himself to prove

his case and to allow the defendant's an opportunity to prepare against it. Plaintiff has not done that in this case. Rather, plaintiff is hiding from defendant's

Third, as mentioned above, the plaintiff has a history of dilatoriness. A motion to compel his deposition was necessary because he failed to appear for properly scheduled depositions on three prior occasions. This conduct must be considered willful provided that plaintiff never called defense counsel, either prior to or after, the court compelled deposition he failed to attend. Moreover, plaintiff had notice, by way of the June 3 Order, that his Court could dismiss his complaint if he failed to appear.

Finally, given plaintiff's repeated behavior and continued failure to comply with both the defendant's and the Court, dismissal of plaintiff's complaint is the only appropriate sanction for the Court to issue. Defendant's simply cannot adequately prepare any sort of defense when the plaintiff refuses all opportunities to cooperate with defendant's. Therefore, defendant's respectfully request this Court dismiss plaintiff's complaint with prejudice.

        Respectfully Submitted,

        GERMAN, GALLAGHER & MURTAGH

        BY:_____
                Bernard E. Jude Quinn, Esquire
                Jonathan P. Riba, Esquire
                Attorney's for Defendants
                Sergeant McDevitt, Darby Township

| | |
|---|---|
| GERMAN, GALLAGHER & MURTAGH<br>BY:  Bernard E. Jude Quinn<br>IDENTIFICATION NO. 46483<br>BY:  Jonathan P. Riba<br>IDENTIFICATION NO. 88095<br>THE BELLEVUE, FIFTH FLOOR<br>200 S. BROAD STREET<br>PHILADELPHIA, PA 19102<br>(215) 545-7700 | Attorney for: Defendants,<br>Township of Darby, Sergeant McDevitt<br>Police Officer Childs |

| | | |
|---|---|---|
| LAWRENCE MOORE | : | UNITED STATES DISTRICT COURT |
| | : | FOR THE EASTERN DISTRICT OF |
| Plaintiff | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| COMMISSIONER PAUL J. | : | |
| EVANKO et al. | : | JURY TRIAL DEMANDED |
| | : | NO. 02-CV-4555 |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, BERNARD E. JUDE QUINN, hereby certify that a true and correct copy of Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to Comply with Judge Brody's June 3, 2003 Order was served United States First Class mail upon the following counsel of record:

Lawrence Moore
3101 Newportville Road
Bristol, PA 19007

Patrick McMonagle, Esquire
Office of Attorney General
Commonwealth of Pennsylvania
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19017

                                      Respectfully submitted,

                                      GERMAN, GALLAGHER & MURTAGH

                                      By:_____
                                              Bernard E. Jude Quinn
                                              Jonathan P. Riba
                                              Attorney's for Defendants
                                              Sergeant McDevitt, Darby
Date:_____                             Township

| | |
|---|---|
| **GERMAN, GALLAGHER & MURTAGH**<br>BY:  Bernard E. Jude Quinn<br>IDENTIFICATION NO. 46483<br>BY:  Jonathan P. Riba<br>IDENTIFICATION NO. 88095<br>THE BELLEVUE, FIFTH FLOOR<br>200 S. BROAD STREET<br>PHILADELPHIA, PA 19102<br>(215) 545-7700 | Attorney for: Defendants,<br>Township of Darby, Sergeant McDevitt<br>Police Officer Childs |

| | | |
|---|---|---|
| **LAWRENCE MOORE** | : | UNITED STATES DISTRICT COURT |
| | : | FOR THE EASTERN DISTRICT OF |
| Plaintiff | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| **COMMISSIONER PAUL J.** | : | |
| **EVANKO et al.** | : | JURY TRIAL DEMANDED |
| | : | NO. 02-CV-4555 |
| Defendants | : | |
| | : | |
| | : | |
| | : | |

## ATTORNEY CERTIFICATION

I, Jonathan P. Riba, pursuant to Local Rule 26.1(g) of the United States District Court For The Eastern District of Pennsylvania, certify that, after reasonable effort, the parties in this action are unable to resolve this dispute.

                                                  GERMAN, GALLAGHER & MURTAGH

                                                  By:_____
                                                      Bernard E. Jude Quinn
                                                      Jonathan P. Riba
                                                      Attorney's for Defendants
                                                      Sergeant McDevitt, Darby
Date:_____                                        Township